**MIAMI FREE ZONE CORPORATION,**
**Plaintiff,**

v.

**FOREIGN–TRADE ZONES BOARD,**
**DEPARTMENT OF COMMERCE,**
**et al., Defendants.**

Civ. A. No. 92–0392.

United States District Court,
District of Columbia.

Oct. 8, 1992.

Ronald W. Gerdes, Washington, D.C., for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM

GESELL, District Judge.

Defendant, claiming this Court lacks jurisdiction, has moved to dismiss the complaint, which seeks a review of an action taken by the Foreign–Trade Zones Board. The parties have filed extensive briefs which have been thoroughly considered, along with the Administrative Record.

Under the terms of the Foreign–Trade Zones Act of 1934, as amended, 19 U.S.C. § 81a–81u (Supp.1991), and 15 C.F.R. § 400.00 *et seq.*, ("FTZ Act"), the Foreign–Trade Zones Board, an agency within the U.S. Department of Commerce, is autho-

rized to review and approve applications for the establishment, operation, and maintenance of general-purpose foreign trade zones ("FTZs"). This litigation reflects an ongoing controversy which has arisen in several different cases concerning the respective roles of U.S. District Courts and the Court of International Trade ("CIT") in disputes arising from actions taken by the Board.

■ Plaintiff contends that this Court has jurisdiction under Section 701 of the Administrative Procedure Act, which entitles a person wronged by agency action to judicial review in this Court, unless review is precluded by statute. 5 U.S.C. § 701(a)(1). Pointing to the same section, defendants contend that the FTZ Act precludes general judicial review of Board action authorizing and awarding an FTZ.

■ This Court must determine whether or not the FTZ Act is a statute that precludes judicial review by this Court, which would otherwise be available under Section 701 of the Administrative Procedure Act. The Motion to Dismiss must be supported by "clear and convincing" evidence since general jurisdiction should be accepted absent a definite congressional intent to preclude jurisdiction.

While the complaint is somewhat general, it attacks the action of the Board in granting a new FTZ which allegedly threatens to affect the business of an FTZ previously authorized and awarded by the Board to plaintiff in the same area. The FTZ Act at 19 U.S.C. § 81r specifically addresses revocation by the Board of an FTZ authorized by the Board and provides in § 81r(c) for direct review by the Court of Appeals for the circuit where the revoked FTZ is located. The FTZ Act does not otherwise mention any other review of Board action by a Court of Appeals, nor does it consider jurisdiction of district courts in § 81r(c) or elsewhere. The FTZ Act is silent as to whether a Board action authorizing an FTZ is reviewable by any court.

This revocation provision alone suggests lack of jurisdiction in this Court, but it does not constitute "clear and convincing" evidence" that Congress intended to bar review of a Board action authorizing an FTC pursuant to Section 701 of the Administrative Procedure Act. It is necessary, therefore, to resolve the motion only after considering the statutory context in which this very specific grant of revocation jurisdiction to the Court of Appeals arose.

In an effort to avoid jurisdictional conflicts, Congress not only gave CIT full Article III powers but also, by 28 U.S.C. § 1581(i)(4), placed the administration and enforcement of certain international trade laws under the "exclusive jurisdiction" of CIT. CIT thus has exclusive power to enforce and administer all statutes providing for:

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; ...

28 U.S.C. § 1581(i)(1)–(3). Congress granted CIT jurisdiction over these matters "to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the Federal District Courts and the Court of International Trade." H.R.Rep. 96–3745, 96th Cong., 2d Sess. (1980).

The legislative history makes clear that the purpose of this section was to broaden the exclusive jurisdiction of CIT's comprehensive authority over trade matters:

Section 201 of H.R. 6394 added a new section 1581(i) to Title 28, United States Code, granting broad residual jurisdiction to the United States Court of International Trade. This section granted the court jurisdiction over those civil actions which arise directly out of an import transaction and involve one of the many international trade laws. The purpose of this section was to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the federal district courts and the Court of International Trade. This language made it clear that all suits of this type

are properly commenced only in the Court of International Trade and not in a district court.

H.R.Rep. 96–1235, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, at 3745.

A reading of the FTZ Act demonstrates that at the very least the business of FTZs falls within (i), (1), (2) and (4). The FTZ Act is directly concerned with regulating duties, in part through the special zones established in the areas of larger ports. It should also be noted that the FTZ Act is of little guidance if one seeks to determine governing standards for grants to new FTZs, particularly those that may have competitive consequences. This is largely a matter of expert administration and is within CIT's reviewing authority, subject to appeal to the Court of Appeals for the Federal Circuit, except as to revocation.

If this Court were to accept continuing jurisdiction based on the Administrative Procedure Act it would hold, in effect, that two Article III courts whose decisions are subject to appellate review by different appellate courts were intended to have concurrent jurisdiction to review the FTZ Board as to many FTZ activities, since any challenge to the grant of an FTZ may have procedural, factual or purely legal aspects, depending on the facts and circumstances. While there is no provision explicitly justifying review of any grant, if there is jurisdiction anywhere surely it is not in this Court since many aspects of such a review fall exclusively to CIT.

The Court is satisfied that the jurisdictional requirements reviewed above placed review of revocation in the appropriate Court of Appeals, in this case the Eleventh Circuit. Revocation differs from grants. Standards for revocation, constitutional and otherwise, have been well developed over the years. But since promotion of international trade is but a precatory objective and FTZs are concerned with shifting tariffs, duties and import conditions, all other review of the Board's actions were intended to be exclusively in CIT, a specialized court. It is for that Court to define

the scope of its jurisdiction over FTZ grants, not this U.S. District Court.

It can be persuasively argued that if a district court has jurisdiction, this case must be transferred to the Eleventh Circuit. *See* Supplemental Brief filed by defendant. But this Court is qualified to determine its jurisdiction under 5 U.S.C. § 702 and venue exists under 28 U.S.C. § 1391. Standing has been accepted because plaintiff is regulated by the Board, its injury is not unduly speculative and the issue required prompt resolution for the speedy and fair administration of justice.

The complaint is dismissed, without prejudice, for lack of jurisdiction.